KAVANAUGH ARMSTRONG *v.* FIRST NATIONAL BANK OF DANVILLE,
ET AL.

**Real Estate—Innocent Purchaser.**
> The question whether a vendee of real estate is an innocent purchaser within the equitable rule cannot arise between a vendor and vendee.

**Covenants of Warranty.**
> A vendee of real estate has a right to rely on the covenants of warranty contained in his deed, and he is entitled to set them up and have his title assured before being required to pay the balance of purchase money.

### APPEAL FROM LINCOLN CIRCUIT COURT.

January 10, 1880.

OPINION BY JUDGE COFER:

The appellant alleged in his answer that Dinwiddie, previous to the conveyance to him, sold and conveyed 66 acres of the land to Porter and wife, and that Dinwiddie at the time of conveying to appellant had no title to the land, and had not since acquired any. If this be true then it is clear that as to that part of the land appellant has not acquired title.

It is not material whether he knew at the time, or has learned since, that his vendor had no title. He had a right to rely upon the covenant of warranty, and especially so when, as alleged in the amended answer, he was assured that some arrangement had been made which avoided the deed to Porter and wife. He should have been allowed to bring them before the court and to have the title assured before being required to pay the balance of the purchase-money.

The authorities cited by counsel for the appellee to show that the appellant was not an innocent purchaser have no application to this case. In a contract between him and Porter and wife they would be in point. The question whether a vendee is an innocent purchaser within the equitable rule cannot arise between vendor and vendee.

The banks are mere assignors and not the holders of commercial paper, and the notes are subject in their hands to any defense that would have been good against their assignor.

Judgment *reversed* and cause remanded with directions to overrule the demurrers and for further proper proceedings.

*Welsh, for appellant. J. S. & R. W. Hacks, for appellees.*